IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Catherine Tingley, ) | |
| ) | Case No. _____ |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | **Jury Trial Demanded** |
| Sidle Holdings, LLC dba Congress) | |
| Collection, ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1.     Plaintiff Catherine Tingley ("Plaintiff") brings this action against Defendant

Sidle Holdings, LLC dba Congress Collection ("Defendant") pursuant to the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION, STANDING, AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1331.

3.     Plaintiff has Article III standing to bring this action, as it seeks to redress

conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has

made legally cognizable in passing the FDCPA.  *See Spokeo, Inc. v. Robins*, 136 S. Ct.

1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well

positioned to identify intangible harms that meet minimum Article III requirements," and

thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries

1

that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.     In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language

2

would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

7.      "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

8.      "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

9.      Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Oakland, and City of Rochester Hills.

10.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.      Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13.      Plaintiff is a natural person allegedly obligated to pay a debt.

14.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

15.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

16.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17.     On November 21, 2018, Defendant telephoned Plaintiff and left the following voicemail message:

> This message is meant solely for Ms. Catherine Tingley. Ms. Tingley, this is Gloria Jackson. It's important that you contact me now ma'am, at 248-355-7900. Thank you.

18.     Plaintiff listened to and heard the message on November 21, 2018.

19.     Defendant's November 21, 2018 voicemail failed to disclose "that the communication is from a debt collector." *See* 15 U.S.C. § 1692e(11).

20.     Defendant's November 21, 2018 voicemail also failed to disclose its corporate and/or business name.

21.     By failing to state its corporate and/or business name, Defendant failed to meaningfully convey its identity to Plaintiff.

4

22.     Defendant telephoned Plaintiff and left substantially similar messages on November 30, 2018, December 1, 2018, December 5, 2018, and December 11, 2018.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

23.     Plaintiff repeats and re-alleges each factual allegation above.

24.     The FDCPA generally prohibits conduct that harasses, oppresses, or abuses consumers, including the placement of telephone calls without meaningful disclosure of the caller's identity.  *See* 15 U.S.C. §§ 1692d, 1692d(6).

25.     "Courts have held that the meaningful disclosure required by § 1692d(6) has been made 'if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business . . .'" *Fashakin v. Nextel Comms.*, No. 05 Civ. 3080(RRM), 2009 WL 790350, at *7 (E.D.N.Y. Mar. 25, 2009) (quoting *Joseph v. J.J. Mac Intyre Cos.,* 238 F.Supp. 1158, 1167 (N.D. Ca. 2002)).

26.     Notably, unlike other sections of the FDCPA, § 1692d(6) does not require a "communication," but only "the placement of telephone calls."   15 U.S.C. § 1692d(6). "When a debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language."  *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011); *see also Sclafani v. BC Servs., Inc.*, No. 10–61360–CIV, 2010 WL 4116471, at *3 (S.D. Fla. Oct. 18, 2010) ("If [the defendant] could not leave voice messages that simultaneously complied with the multiple applicable provisions of FDCPA, it should not have left the offending voice messages.").

27.    "Meaningful disclosure requires that the debt collector state his or her name, capacity, and provide enough information to the consumer as to the purpose of the call." *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1304 (D. Colo. 2011) (citing *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007)). "When a debt collector places phone calls without identifying itself, there is no additional requirement that these calls contain harassing language." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1364 (N.D. Ga. 2011).

28.    Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(11)**

29.     Plaintiff repeats and re-alleges each factual allegation above.

30.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

31.     A debt collector is required to disclose in an initial communication, whether written or oral, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and in subsequent communications, whether written or oral, that the communication is from a debt collector. *See* 15 U.S.C. § 1692e(11).

32.     Therefore, Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during the November 21, 2018 November 30, 2018 December 1, 2018, December 5, 2018 and December 11, 2018 voicemails that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

7

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

33.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 13, 2019

Respectfully submitted,

s/Amorette Rinkleib
Amorette Rinkleib
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 899-9189
Facsimile: (866) 317-2674
arinkleib@ThompsonConsumerLaw.com
Attorney for Plaintiff